UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

PERRY F. SMITH, JR.,

                Petitioner,

v.                                               9:22-CV-0732
                                                    (BKS)

REARDON, Superintendent,

                Respondent.

---

APPEARANCES:                                     OF COUNSEL:

PERRY F. SMITH, JR.
Petitioner, pro se
22-B-1570
Marcy Correctional Facility
P.O. Box 3600
Marcy, NY 13403

BRENDA K. SANNES
United States District Judge

## DECISION and ORDER

### I.   INTRODUCTION

Petitioner Perry Smith seeks federal habeas relief pursuant to 28 U.S.C. § 2241. Dkt. No. 1, Petition ("Pet."). Petitioner also filed an application to proceed in forma pauperis. Dkt. No. 2, IFP Application.

On July 13, 2022, this action was administratively closed due to petitioner's failure to properly commence it. Dkt. No. 3, Order Directing Administrative Closure. Petitioner was granted thirty days leave to either (1) pay the statutory filing fee or (2) file a complete and properly certified IFP application. *Id.* at 2. Petitioner subsequently remitted the statutory filing fee, and the case was reopened. Dkt. No. 4, Letter; Dkt. Entry dated 08/01/22

(identifying receipt information for the filing fee transaction); Dkt. No. 5, Text Order (reopening case).

## II.     PETITION

Petitioner is an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") serving "a state term of incarceration," imposed by Oswego County Court, after a probation violation.  Pet. at 2.  Petitioner explained that, while on probation, he was living in his home, in Oswego, when his probation officer informed him that he had to move into a shelter.  *Id.* at 3.  Petitioner refused, was violated, and ultimately received the instant sentence for three-years incarceration.  *Id.*

Petitioner argues that his incarceration violates his constitutional rights because he was in an approved residence and under a physician's care for mental health issues; therefore, requiring petitioner to move to a shelter, absent emergency or extenuating circumstance, was unlawful.  Pet. at 3-4.  Additionally, petitioner contends he is entitled to federal habeas relief because the judge who presided over the probation revocation hearing and subsequent sentencing should have recused himself because the judge was biased.  *Id.* at 4.  For a complete statement of petitioner's claims and requests for relief, reference is made to the petition.

Petitioner does not include any details about if, when, or how he challenged the probation revocation decision.

## III.    Is the Petition Properly Brought Pursuant to Section 2241 or Section 2254

This petition was brought pursuant to 28 U.S.C. § 2241.  Section 2241 provides that "the Supreme Court, any justice thereof, the district courts and any circuit judge within their

2

respective jurisdictions" may grant a writ of habeas corpus to a petitioner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c)(3). That section generally permits federal prisoners to challenge the execution of a sentence, including the computation of the sentence and parole decisions, rather than the imposition of that sentence or the underlying federal conviction under section 2255. *Cook v. New York State Div. of Parole*, 321 F.3d 274, 278 (2d Cir. 2003). State prisoners, in contrast, must bring challenges both to the execution of a sentence and to underlying convictions under section 2254, which governs petitions filed by "a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *accord, Cook*, 321 F.3d at 278.

    Here, petitioner is a state prisoner seeking immediate release from custody. While petitioner explicitly categorizes this petition as a § 2241 petition, the courts are not bound to accept it as such. *See Cook*, 321 F.3d at 277-78 (explaining that "if an application that should be brought under 28 U.S.C. § 2254 is mislabeled as a petition under [§] 2241, the district court must treat it as a [§] 2254 application instead.") (citing *James v. Walsh*, 308 F.3d 162, 166 (2d Cir. 2002) ("[I]t is the substance of the petition, rather than its form, that [governs.]"). Petitioner argues there were deficiencies with the probation violation and subsequent revocation proceedings. As this and other district courts in the Second Circuit have held, petitioner's claims must be brought in an action filed pursuant to 28 U.S.C. § 2254. *See Simone v. Lewin*, No. 1:05-CV-8925, 2006 WL 2468624, at *1-*5 (S.D.N.Y. Aug. 11, 2006) (deciding challenge to probation revocation proceedings pursuant to section 2254); *Keyes v. Apple*, No. 9:16-CV-1111

(MAD/ATB), 2016 WL 4997640, at *2 (N.D.N.Y. Sept. 19, 2016) (same); *see also Parkman v. Doe*, No. 3:19-CV-1575, 2019 WL 5298170, at *3 (D. Conn. Oct. 18, 2019) (refusing to convert challenge to violation of probation adjudication and subsequent placement in a sex offender treatment unit in the Department of Corrections to a habeas petition under section 2254, when the inmate brought the action pursuant to 42 U.S.C. § 1983, because the inmate had failed to exhaust his state court remedies).

Unlike section 2241 petitions, petitions filed under section 2254 are subject to the "gate keeping" provisions of section 2244, including the restrictions upon the filing of "second or successive" section 2254 habeas petitions under subsection (b) and the one-year limitation period under subsection (d). Therefore, the conversion of petitioner's petition into one brought pursuant to section 2254 will bring with it certain restrictions.

First, section 2254 petitions are subject to a one-year statute of limitations that generally begins to run from the date on which the state criminal conviction or other challenged state court decision became final by the conclusion of direct review or by the expiration of the time to seek direct review. 28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 149-50 & n. 9 (2012). Ordinarily, for purposes of section 2244, a state conviction becomes "final" when the United States Supreme Court denies an application for a writ of certiorari or when the time to seek certiorari has expired, which is ninety days after the date on which the highest court in the state has completed direct review of the case.[1] *Gonzalez*, 565 U.S. at 150; *Saunders v.*

---

[1] Other dates from which the limitations period may start running are the date on which an unconstitutional, state-created impediment to filing a habeas petition is removed, the date on which the constitutional right on which the petitioner bases his habeas application was initially recognized by the Supreme Court, if the right was newly recognized and made retroactively applicable, or the date on which the factual predicate for the claim or claims presented could have been discovered through the exercise of due diligence (newly discovered evidence). 28 U.S.C. § 2244(d)(1)(B)-(D). None of the bases for a later date upon which the statute of limitations could have begun to run appear to apply in this case.

4

*Senkowski*, 587 F.3d 543, 547-49 (2d Cir. 2009).

Second, petitioners are generally permitted to file only one section 2254 petition challenging a particular state court judgment. Once that first petition has been decided on the merits, a petitioner may not file a second or successive petition challenging the same state court decision or determination without first seeking permission to do so from the appropriate federal Court of Appeals–in this case, the Second Circuit. 28 U.S.C. § 2244(b).

Because of these restrictions, a filing may not be converted into a first section 2254 petition without notifying the petitioner of the district court's intent to convert the petition, and giving him or her an opportunity to consent to the conversion or to withdraw the petition rather than having it converted. *Castro v. United States*, 540 U.S. 375, 383 (2003); *Cook*, 321 F.3d at 282. Accordingly, petitioner is notified and advised that the Court intends to convert this section 2241 petition into a section 2254 petition, and that this conversion means that the petition will be subject to the restrictions on any future, successive petitions set forth in 28 U.S.C. § 2244(b) and the one-year statute of limitations set forth in § 2244(d)(1).

While petitioner indicated his intention to proceed only pursuant to § 2241, given the special solicitude accorded pro se inmates, the Court is providing petitioner with another opportunity to decide how he wishes for his claims to proceed. The conversion of this petition will occur unless petitioner notifies the court in writing within thirty (30) days of the filing date of this Decision and Order that he either (1) consents to the conversion or (2) voluntarily withdraws the petition instead of having it converted to a petition under section 2254. If petitioner does not advise the Court in writing within thirty (30) days of either his consent to the conversion or his voluntary withdrawal of the petition, the Court will convert this petition to a section 2254 petition.

**IV.     Amendment**

Unless petitioner withdraws his petition, he will also be subject to the exhaustion requirement under 28 U.S.C. § 2254(b). An application for a writ of habeas corpus may not be granted until a petitioner has exhausted all remedies available in state court unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(A), (B)(i), (ii).

To satisfy the exhaustion requirement, a petitioner must do so both procedurally and substantively. Procedural exhaustion requires that a petitioner raise all claims in state court prior to raising them in a federal habeas corpus petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Substantive exhaustion requires that a petitioner "fairly present" each claim for habeas relief in "each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted). In other words, petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

Here, it is unclear whether petitioner has exhausted his state court remedies. Petitioner has not indicated whether he filed a direct appeal of the sentence he received as a result of the probation revocation proceedings or the status of that challenge. Accordingly, the Court cannot determine whether proper exhaustion has occurred. However, in order for the action to continue, exhaustion is required. *See Keyes*, 2016 WL 4997640, at *2 ("Petitioner has available state court remedies, and once the probation revocation proceedings against him have concluded, and his appeals and/or other state court collateral proceedings, if necessary, are exhausted, he may then seek federal habeas relief) (citing *Simone*, 2006 WL 2468624, at *1-*5 (deciding federal habeas petition challenging petitioner's revocation of his probation after petitioner was sentenced

for the violation, directly appealed the judgment, the Appellate Division affirmed the judgment, and the New York Court of Appeals denied leave to further appeal); *Centonze v. Devlin*, No. 9:18-CV-0911 (BKS/TWD), 2018 WL 3964705, at *2 (N.D.N.Y. Aug. 14, 2018) (same); *Cush*, 2012 WL 2087412, at *2 (dismissing federal habeas petition as premature where petitioner challenged his ongoing detention, after he was returned on a probation violation warrant, and ultimate sentence of imprisonment after he was found to have violated his probation because "[e]ach of the[] challenges may be but . . . ha[d] not yet been raised on appeal of [petitioner's] probation revocation."); *see also Parkman*, 2019 WL 5298170 at *3 (noting that "[b]efore filing a petition for a writ of habeas corpus [challenging the revocation of probation], the petitioner must exhaust his state court remedies . . . [by] rais[ing] his claims before the highest state court.") (internal quotation marks and citations omitted).

Based on the foregoing, unless petitioner voluntarily withdraws his petition, he is directed to file an amended petition within thirty (30) days of the filing date of this Decision and Order that addresses if and how he has exhausted his state court remedies, as outlined below.

## V.   CONCLUSION

**WHEREFORE**, it is

**ORDERED** that petitioner must notify the Court in writing **within thirty (30) days** of the filing date of this Decision and Order whether he: (1) consents to having his section 2241 petition converted to a section 2254 petition; or (2) voluntarily withdraws the pending petition instead of having it converted.  If petitioner fails to advise the Court in writing within thirty (30) days of the filing date of this Decision and Order of either his consent to the conversion or his voluntary withdrawal of this petition, the petition will be converted to a section 2254 petition; and it is further

**ORDERED** that if petitioner does not voluntarily withdraw his petition, he must file an

amended petition **within thirty (30) days** of the filing date of this Decision and Order.  The Clerk is directed to provide petitioner with a blank § 2254 habeas petition for that purpose.  Petitioner shall fully complete each and every part of the blank petition.  **The amended petition must clearly list the date(s) on which petitioner filed any application(s) in state court for direct or collateral review concerning his probation revocation, the name and location of the court in which he filed each application, and the date on which each court denied each application.**  Petitioner must also clearly state each claim he wants the court to consider, and the facts supporting each claim, in the petition.

Petitioner must not incorporate any portion of any prior petition into his amended petition by reference.  Petitioner must include all relevant information in the amended petition in accordance with the terms of this Decision and Order; and it is further

**ORDERED** that if petitioner fails to file an amended petition **within thirty (30) days** of the filing date of this Decision and Order, **the Clerk shall enter judgment dismissing this action without further order**; and it is further

**ORDERED** that upon the filing of any amended petition, the Clerk shall forward the file to the Court for further review; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on petitioner in accordance with the Local Rules.

Dated: August 3, 2022

Brenda K. Sannes
U.S. District Judge