UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

PERRY F. SMITH, JR.,

                Petitioner,

v().                                         9:22-CV-0732 (BKS)

REARDON, Superintendent,

                Respondent.

---

APPEARANCES:                                  OF COUNSEL:

PERRY F. SMITH, JR.
Petitioner, pro se
22-B-1570
Marcy Correctional Facility
P.O. Box 3600
Marcy, NY 13403

HON. LETITIA JAMES                      MICHELLE ELAINE MAEROV, ESQ.
Attorney for Respondent                Ass't Attorney General
New York State Attorney General
The Capitol
Albany, New York 12224

BRENDA K. SANNES
Chief United States District Judge

## DECISION and ORDER

      Petitioner Perry Smith seeks federal habeas relief pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition (seeking relief pursuant to 28 U.S.C. § 2241); Dkt. No. 6, Decision and Order, at 5, 7-8 (ordering either withdrawal or conversion of the original petition); Dkt. No. 7 at 1 (consenting to conversion); Dkt. No. 8, Decision and Order, at 2-3 (directing amendment of the petition); Dkt. No. 9, Amended Petition ("Am. Pet."). After an initial review, respondent was directed to answer the Amended Petition. Dkt. No. 10, Decision and Order.

Respondent requested, and was granted, permission to file an answer limited to the issue of exhaustion.  Dkt. No. 25, Letter Motion; Dkt. No. 26, Text Order (granting request for a limited answer).  Petitioner was given thirty days to file a reply.  Dkt. No. 26, Text Order.

Petitioner then filed two letters which seemed to request clarification of the procedural posture of the case.  Dkt. Nos. 27 & 29.  In similar Orders, the Court explained that petitioner could, if he so desired, file a reply addressing only those issues argued in respondent's limited answer.  Dkt. Nos. 28 & 30.

Petitioner recently sent a third letter.  Dkt. No. 31, Letter.  Liberally construing the submission, petitioner asserts that, since respondent filed the limited answer in January of 2023, he has not received any of the filings from his habeas case.  *Id.*  At a minimum, petitioner claims he does not have copies of the limited response or the Court's last order "because they got sent to the wrong place[.]"  *Id.*

The Second Circuit has repeatedly held that where mail is "properly addressed and mailed . . . it is entitled to a presumption that . . . [it was] received." *Akey v. Clinton County, New York*, 375 F.3d 231, 235 (2d Cir 2004) (citing *Meckel v. Continental Resources Co.*, 758 F.2d 811, 817 (2d Cir. 1985)); *see also Hoffenburg v. C.I.R.*, 905 F.2d 665. 666 (2d Cir. 1990) ("A properly addressed piece of mail placed in the care of the Postal Service is presumed to have been delivered.").  "Denial of receipt, without more, is insufficient to rebut the presumption." *Akey*, 375 F.3d at 235 (citing *Meckel*, 758 F.2d at 817 (explaining that "[t]here must [also] be . . . some proof that the regular . . . practice was not followed or was carelessly executed so the presumption that [the document] was mailed becomes unreasonable.")).

Here, petitioner has failed to rebut that presumption. Other than conclusory assertions, petitioner has provided no other proof that the respondent or this Court failed to properly mail the aforementioned documents. The docket demonstrates that petitioner has had frequent contact with the Court, as evidenced by the procedural history commencing and converting the action. Further, petitioner has filed a total of fourteen letters during its duration. Dkt. Nos. 4, 7, 12-14, 17, 20-22, 24, 27, 29, 31. It is only in the last few months that petitioner apparently has a problem; however, he has remained incarcerated at the same facility and provides no explanation for what did occur, or might have occurred, to result in him not receiving his mail despite it being sent to the same address to which it has always been sent. Further, none of the mailings have been returned by the post office as undeliverable. Therefore, the Court is not persuaded by petitioner's representations. However, given this was the first time that petitioner explicitly advanced this argument, in conjunction with the special solicitude offered to pro se petitioners, the Court will provide petitioner with one last opportunity to reply to the respondent's arguments.

**WHEREFORE**, it is hereby

**ORDERED** that the Clerk respectfully send petitioner courtesy copies of respondent's limited answer, Dkt. No. 25; the Court's last two Orders, Dkt. Nos. 28 & 30; and the docket sheet; and it is further

**ORDERED** that petitioner is granted a **final** opportunity to reply to respondent's limited answer, consistent with the Court's prior orders. Failure to file a reply within thirty (30) days of this Order will result in petitioner forfeiting his opportunity to do so; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on the parties in

accordance with the Local Rules.

Dated: April 10, 2023
       Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge