UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

─────────────────────────────────────

PERRY F. SMITH, JR.,

                                Petitioner,

            v.                                              9:22-CV-0732
                                                            (BKS)
REARDON, Superintendent,

                                Respondent.

─────────────────────────────────────

APPEARANCES:                                    OF COUNSEL:

PERRY F. SMITH, JR.
Petitioner, pro se
22-B-1570
Marcy Correctional Facility
P.O. Box 3600
Marcy, New York 13403

HON. LETITIA JAMES                              MICHELLE ELAINE MAEROV, ESQ.
Attorney for Respondent                         Ass't Attorney General
New York State Attorney General
The Capitol
Albany, New York 12224

BRENDA K. SANNES
Chief United States District Judge

## DECISION and ORDER

## I.      INTRODUCTION

        Petitioner Perry Smith seeks federal habeas relief pursuant to 28 U.S.C. § 2254.  Dkt.

No. 1, Petition (seeking relief pursuant to 28 U.S.C. § 2241); Dkt. No. 6, Decision and Order,

at 5, 7-8 (ordering either withdrawal or conversion of the original petition); Dkt. No. 7 at 1

(consenting to conversion); Dkt. No. 8, Decision and Order, at 2-3 (directing amendment of

the Petition); Dkt. No. 9, Amended Petition ("Am. Pet.").  After an initial review, respondent

was directed to answer the Amended Petition.  Dkt. No. 10, Decision and Order ("September

Order").  Respondent requested, and was granted, permission to file an answer limited to the

issue of exhaustion.  Dkt. No. 25, Letter Motion; Dkt. No. 26, Text Order (granting request for

a limited answer).  Petitioner filed a submission which the undersigned liberally construed as

a reply.  Dkt. No. 35, Traverse.

 For the reasons which follow, the Amended Petition is denied and dismissed in its

entirety.

## II.    THE PETITION

 Petitioner is challenging a 2022 parole revocation from Oswego County Court, based

upon his plea of no contest, and the resulting sentence.  Am. Pet. at 2-3.  Petitioner alleges

that he attempted to exhaust his state court remedies when he "signed [the] intent to appeal

on the day of sentencing (within the courtroom) [with] payed [*sic*] attorney [and the] appeal

[was] never responded to by either counsel or [the court despite petitioner's] personally

prepared appeal sent within 15 days of sentencing *and* repeated a month later."  *Id.* at 7; *see*

*also id.* at 4 (indicating that petitioner received "absolutely no response from the [Oswego

Superior] Court even [though he wrote a] letter to [the] Judge.");  *id.* at 9 ("appealed to

orig[inal] sentencing court");  *id.* at 10 ("appeal to original court (no response)").  Petitioner

also contends that he wrote to the Appellate Division, while in state custody, seeking to

appeal the parole revocation and similarly never received a response.  *Id.* at 4.

 Petitioner argues that his incarceration – as a result of the parole revocation – violates

his constitutional rights because, while on parole, petitioner was in an approved residence

2

and under a physician's care for mental health issues; therefore, requiring him to move to a shelter, per his probation officer's instructions, absent emergency or extenuating circumstances was unlawful.  Am. Pet. at 1-2, 5, 7.  Additionally, petitioner contends he is entitled to federal habeas relief because the judge who presided over the probation revocation hearing and subsequent sentencing should have recused himself because the judge was biased.  *Id.* at 9.  For a complete statement of petitioner's claims and requests for relief, reference is made to the Amended Petition.

## III.    DISCUSSION

An application for a writ of habeas corpus may not be granted until a petitioner has exhausted all remedies available in state court unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1)(A), (B)(i), (ii).

To satisfy the exhaustion requirement, a petitioner must do so both procedurally and substantively.  Procedural exhaustion requires that a petitioner raise all claims in state court prior to raising them in a federal habeas corpus petition.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  Substantive exhaustion requires that a petitioner "fairly present" each claim for habeas relief in "each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted).  In other words, petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  *O'Sullivan*, 526 U.S. at 845.

"The typical path for exhausting a claim concerning a petitioner's parole revocation proceeding includes both completion of the internal, administrative appeal process within the Division of Parole and, in the event of an adverse determination, commencement of a CPLR Article 78 proceeding." *McCullough v. New York State Div. of Parole*, No. 9:11-CV-1112 (DNH), 2015 WL 2340784, at *4 (N.D.N.Y. Apr. 15, 2015) (citations omitted); *see also* N.Y. Comp. Codes R & Regs tit. 9, §8006.1.  "If the Article 78 petition is denied, the petitioner must then appeal that denial to the 'highest state court capable of reviewing it.'"  *Scales v. New York State Div. of Parole*, 396 F. Supp. 2d 423, 428 (S.D.N.Y. 2005) (quoting *Cotto v. Herbert*, 331 F.3d 217, 237 (2d Cir. 2003)); *see also Santiago v. Unger*, No. 1:12-CV-133, 2013 WL 227757, at *8 (W.D.N.Y. Jan. 22, 2013) (explaining that the first step after the denial of an Article 78 petition is to "then appeal the denial to New York's intermediate appellate court, the Appellate Division.") (citations omitted).[1]

Here, respondent argues that petitioner has failed to exhaust his administrative and state court remedies.  Dkt. No. 25.  Specifically, respondent indicated that "[t]he Oswego County Court . . . confirmed that petitioner filed a notice of appeal from the resentence on the violation of probation[; however, t]he Fourth Department . . . has [said] . . . petitioner has yet

---

[1]  All four New York district courts have held that proper exhaustion of a parole revocation challenge includes "seek[ing] leave to appeal in the New York Court of Appeals."  *Mann v. Superintendent*, No. 1:20-CV-10223, 2021 WL 466954, at *2 n.2 (S.D.N.Y. Feb. 7, 2021) (citing *inter alia O'Kane v. Kirkpatrick*, 6:09-CV-6400, 2011 WL 2470522, at *4 (W.D.N.Y. June 20, 2011) ("even if the Article 78 relief is denied, the claim is still unexhausted unless Petitioner appeals the denial to the Appellate Division . . . and seeks leave to appeal to the New York Court of Appeals.") (internal citations omitted)); *see also Lebron v. Annucci*, No. 9:15-CV-0829 (GLS), 2016 WL 1312564, at *3 (N.D.N.Y. Apr. 4, 2016) ("The dismissal of petitioner's Article 78 proceeding was subject to an appeal to the Appellate Division, and an application for leave to appeal to the Court of Appeals."); *Tatta v. Miller*, No.1:05-CV-1205, 2005 WL 2806236, at *1 (E.D.N.Y. Oct. 27, 2005) (concluding that petitioner properly exhausted his second parole denial where he sought "a writ of mandamus pursuant to Article 78 of the New York Civil Procedure Law and Rules, appealing to the Appellate Division and seeking leave to appeal to the New York Court of Appeals.").

to perfect that appeal." *Id.* at 2.  Respondent's assertions are consistent with the record, which demonstrate that petitioner filed a pro se appeal and letter with the county court prior to filing the instant action and, prior to submitting his reply to respondent's opposition, attempted to file an application for leave to appeal his parole revocation with the Appellate Division, all of which went unanswered.[2]  Accordingly, as noted by the Court in the September Order, petitioner has not completed a full round of any direct, collateral, or administrative proceeding to challenge his parole revocation and sentence.  Dkt. No. 10 at 3 (citing August Order I at 6-7 & August Order II at 2).

Liberally construing petitioner's amended pleading, it appears petitioner argues that state court remedies were unavailable to, or ineffective for, him.  Dkt. No. 10 at 3 (citing Am. Pet. at 4, 7-10).  Specifically, petitioner indicated that the appeal he filed in the county court went unanswered, as did the letter which he subsequently filed in the Appellate Division.  Am. Pet. at 4, 7, 9, 10.  First, as noted in respondent's limited answer, this is neither the proper forum nor the proper format to appeal a parole revocation decision.  Instead, an administrative appeal, consisting of multiple copies of a brief "that shall state the ruling challenged and . . . the basis for the appeal" must be filed with the appeals unit within four months, unless an extension has been granted.  *See* N.Y. Code Rules & Regs. tit. 9 §§ 8006.1 & 8006.2.  Second, "informal communications by petitioner are insufficient to satisfy [the] . . . exhaustion requirement."  *Smith v. Smith*, No. 9:17-CV-0258 (DNH), 2018 WL 557877, at *5 (N.D.N.Y. Jan. 22, 2018) (citations omitted).

---

[2]  Petitioner separately sent a copy of his application "for permission to appeal as a poor person and for assignment of counsel," dated April 18, 2023, which he also sent to the District Attorney, County Attorney, and Appellate Division.  Dkt. No. 34 at 1-2.  The Court received a Notice of Appeal, signed by counsel for petitioner, that petitioner was appealing, to the Fourth Department, the 2022 parole revocation decision.  Dkt. No. 38 at 1.

Instead, in response to the limited answer, petitioner's reply was silent as to the specific steps that petitioner took to administratively or judicially challenge the parole revocation decision.  Instead, petitioner's reply focused on the alleged facts which formed the basis of the parole violation, as well as a discussion on the negotiations, legal advice, and procedural history of the parole revocation proceedings thereafter.  Dkt. No. 35 at 1-7.  Because "it is the petitioner's burden of providing that he has fully exhausted his state court remedies," it stands to reason that it is also petitioner's burden to assert why an exception to the exhaustion prerequisite should apply.  *Colon v. Johnson*, 19 F. Supp. 2d 112, 120-21 (S.D.N.Y. 1998) (citing *United States ex rel. Cuomo v. Fay*, 257 F.3d 438, 442 (2d Cir. 1958), *cert. denied*, 358 U.S. 935 (1959)).  Here, petitioner's failure to take any action to satisfy his burden renders his claims completely unexhausted and precludes federal habeas review. *See Owens v. New York State Parole Bd.*, No. 1:13-CV-8057, 2014 WL 5089364, at *3 (S.D.N.Y. Sept. 25, 2014) (holding that the parole board's failure to respond to a hand-written letter did not render state process unavailable or otherwise prevent petitioner from exhausting his remedies by initiating a state habeas or Article 78 petition).

Furthermore, petitioner's unexhausted claims can no longer be raised in state court.  Specifically, petitioner (1) "can no longer bring an administrative appeal because he failed to file a notice of appeal within thirty days of his final parole revocation hearing," in 2022; and (2) petitioner "cannot institute a[n] Article 78 proceeding because such actions must be brought within four months of the conclusion of the administrative hearings, namely the parole revocation hearing," which was decided in 2022.  *Smith v. Smith*, No. 9:17-CV-0258, 2018 WL 557877, at *7 (N.D.N.Y. Jan. 22, 2018).  Accordingly, petitioner's claims are procedurally

defaulted and can only be excused by showing cause for, and prejudice from, the default or actual innocence.  *Id.*  Because petitioner only focused on the merits of his federal habeas claims in his reply papers, failing to present any discussion regarding cause, prejudice, or innocence, petitioner has failed to allege, much less prove, that the procedural default can be excused.  Accordingly, the Amended Petition should be denied and dismissed.

Additionally, it is important to note that the Court's search of the New York State Department of Corrections and Community Supervision's ("DOCCS") website indicates that petitioner was re-released to parole on April 11, 2024; the maximum expiration date for the sentence associated with his challenged parole revocation was September 19, 2024; and petitioner's maximum expiration date for his post release supervision is October 11, 2033. *See* New York State Department of Corrections and Community Supervision Inmate Lookup, https://nysdoccslookup.doccs.ny.gov/ (searching "Smith, Perry, Jr.") (last accessed October 17, 2024).

> An inmate's habeas challenge of his parole revocation becomes moot following reinstatement to parole, absent a demonstration of collateral consequences.  *Spencer*, 523 U.S. at 7, 118 S.Ct. 978. Because habeas petitions concerning parole revocations challenge the validity of incarceration, a court has no recourse or remedy to offer an inmate who has been re-paroled; once re-paroled, the habeas challenge becomes moot.

*Opperisano v. P.O. Jones*, 286 F. Supp. 3d 450, 461–62 (E.D.N.Y. 2018) (citing cases). "Collateral consequences are the disabilities or burdens which may flow from a conviction or in this case, a parole revocation."  *Id.* at 461 n.10 (citing *Carafas v. LaVallee*, 391 U.S. 234, 237 (1968)).  The current record provides no basis to conclude that petitioner is suffering from any continuing injury arising from his parole revocation because he has been re-

7

released and the maximum expiration date for his incarceration for his parole revocation has expired.  The only thing that petitioner continues to be subject to is post-release supervision; however, determining whether such supervision constitutes a continuing disability seems ultimately fruitless since petitioner's claims were all unexhausted and procedurally defaulted. *See Smith*, 2018 WL 557877, at *3-*4.

In sum, while it appears that the Amended Petition may be moot, the undersigned is certain that the claims should be denied and the action dismissed because it is unexhausted and procedurally defaulted.

## V.    CONCLUSION

**WHEREFORE**, it is

**ORDERED** that the Amended Petition, Dkt. No. 9, be **DENIED and DISMISSED** in its entirety**;** and it is further

**ORDERED** that no Certificate of Appealability ("COA") shall issue because petitioner has failed to make a "substantial showing of the denial of a constitutional right" as 28 U.S.C. § 2253(c)(2) requires;[3] and it is further

**ORDERED** that any further request for a Certificate of Appealability must be addressed to the Court of Appeals (Fed. R. App. P. 22(b)); and it is further

---

[3]  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see Richardson v. Greene*, 497 F.3d 212, 217 (2d Cir. 2007) (holding that if the court denies a habeas petition on procedural grounds, "the certificate of appealability must show that jurists of reason would find debatable two issues: (1) that the district court was correct in its procedural ruling, *and* (2) that the applicant has established a valid constitutional violation" (emphasis in original)).

**ORDERED** that the Clerk shall serve a copy of this Decision upon the parties in accordance with the Local Rules.

Dated: <u>October 28, 2024</u>

Brenda K. Sannes
Chief U.S. District Judge